James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067-6064
Telephone:  (310) 557-8989
Facsimile:   (310) 788-0080
E-Mail:  jberry@bandlpc.com
E-Mail:  klussier@bandlpc.com

Attorneys for Plaintiff CHANEL, INC.

JS-6

**NOTE CHANGES MADE BY THE COURT**

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation, | No. 2:10-cv-01351-JHN-AJW |
| Plaintiff, | [~~PROPOSED~~] **JUDGMENT AND PERMANENT INJUNCTION** |
| v. | **(DOCKET NO. 16)** |
| GUOHUA WU a/k/a TOM BRIAN a/k/a WEN JUN MAN a/k/a JIEXIN HUANG a/k/a LAN LIU, an individual and DOES 1-10, | |
| Defendants. | |

THIS MATTER having come before the Court upon motion by Plaintiff, Chanel, Inc. ("Chanel") for entry of a final default judgment of its claims against Defendant Guohua Wu a/k/a Tom Brian a/k/a Wen Jun Man a/k/a Jiexin Huang a/k/a Lan Liu (the "Defendant") d/b/a abwatch.com, bag-fake.com, bags-replicas.net, bagsshop.net, bestswissreplicas.com, chanelearringsreplica.com, chreplicas.com, discount-replicas.com, enreplicas.com, ereplical.com, exactreplicas.net, handbagdesigner.net, handbagsfake.com, hot-handbags.com, ireplical.com, jewelry1.net, lreplical.com, onreplicas.com, replica-bag.net,

1 replicabagswholesale.com, replicahandbag.org, replicafashion.net,
2 replicawatches1.com, replicawatchesbrands.com, replicachanelearrings.com, and
3 watchesreplication.com (collectively the "Subject Domain Names") pursuant to
4 Rule 55(b)(2) of the Federal Rules of Civil Procedure; and the Court having
5 considered the moving papers and there being no opposition thereto;
6     IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is
7 GRANTED, and judgment is entered in favor of Plaintiff, Chanel, Inc., a New York
8 corporation, with its principal place of business located at Nine West 57th Street,
9 New York, New York 10019;
10     IT IS FURTHER ORDERED AND ADJUDGED as follows:
11     (1)    Permanent Injunctive Relief
12 Defendant and his respective officers, agents, servants, employees and attorneys,
13 and all persons in active concert and participation with him are hereby restrained
14 and enjoined from:
15         (a)    manufacturing or causing to be manufactured, importing,
16             advertising, or promoting, distributing, selling or offering to sell
17             counterfeit and infringing goods using the Chanel Marks;
18         (b)    using the Chanel Marks in connection with the sale of any
19             unauthorized goods;
20         (c)    using any logo, and/or layout which may be calculated to falsely
21             advertise the services or products of the Defendant, the Subject
22             Domain Names, and/or any other website or business, as being
23             sponsored by, authorized by, endorsed by, or in any way
24             associated with Chanel;
25         (d)    falsely representing himself as being connected with Chanel,
26             through sponsorship or association;
        (e)    engaging in any act which is likely to falsely cause members of

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

the trade and/or of the purchasing public to believe any goods or services of the Defendant, the Subject Domain Names, and/or any other website or business, are in any way endorsed by, approved by, and/or associated with Chanel;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, the Subject Domain Names, and/or any other website or business, including, without limitation, handbags, wallets, watches, brooches, earrings, necklaces, and bracelets;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, ~~including words or other symbols tending to falsely describe or represent~~ of goods by the Defendant, the Subject Domain Names, and/or any other website or business, as being those of Chanel, or in any way endorsed by Chanel;

(h) offering such goods in commerce;

(i) and from otherwise unfairly competing with Chanel;

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

(k) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of

- 3 -   2:10-cv-01351-JHN-AJW
~~[PROPOSED]~~ JUDGMENT AND PERMANENT INJUNCTION

circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief:

(a) The Defendant, those in concert with him, and those with notice of the injunction, including any Internet search engines, such as Google, Yahoo!, and Bing, Web hosts, domain-name registrars and domain-name registries that are provided with notice of the injunction, shall be and are hereby restrained and enjoined from facilitating access to any or all websites through which the Defendant engages in the sale of counterfeit and infringing goods using the Chanel Marks;

(b) The Subject Domain Names are hereby ordered to be immediately transferred by the Defendant, his assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the Subject Domain Names to Plaintiff's control within ten (10) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, transfer the Subject Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrars shall transfer the Subject Domain Names to Plaintiff; and

(c) Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP

1  addresses where the associated websites are hosted.

2  (3) Statutory Damages: Plaintiff is awarded statutory damages against
3  Defendant in the amount of ~~$588,000.00~~ $294,000, pursuant to 15 U.S.C. §
4  1117(c), for which let execution issue;

5  (4) Costs of Suit: Plaintiff is awarded costs against Defendant in the
6  amount of $700.00 pursuant to 15 U.S.C. § 1117(a), for which let execution issue;

7  (5) Interest from the date this action was filed shall accrue at the legal rate.

9  IT IS SO ORDERED AND ADJUDGED.

11  Dated: September 3, 2010

_____
HONORABLE JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE